UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRY WAYNE WILLIAMS,

    Plaintiff,

v.

                                Case No. 2:24-cv-78

                                Hon. Hala Y. Jarbou

HEIDI E. WASHINGTON, et al.,

    Defendants.
_____/

### ORDER

On June 27, 2025, Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R&R) (ECF No. 30) recommending that (1) Defendants Washington and Horton's motion to dismiss, or alternatively, motion for summary judgment (ECF No. 22) be denied, and (2) Plaintiff's motion for leave to file a surreply (ECF No. 27) be denied. The R&R was duly served on the parties. No objections have been filed, and the deadline for doing so expired on July 11, 2025. On review, the Court agrees with the magistrate judge's ultimate conclusions to deny the pending motions. The Court supplements the R&R with the below analysis.

The R&R determined that Plaintiff filed his lawsuit within the statute of limitations period, suggesting that the claim accrued when the Step III decision was issued. (R&R 16.) The Court disagrees; Plaintiff's section 1983 claim accrued—and the statute of limitations period began to run—when the plaintiff knew or had reason to know "that the act providing the basis of his injury occurred." *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020) (quoting *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)); *see also Heard v. Strange*, 127 F.4th 630, 633 (6th Cir. 2025) (explaining that the cause of action accrued on the plaintiff's alleged wrongful transfer, not

the date he completed the grievance process).  The statute of limitations period is tolled during the grievance process, but this only pauses the timer, it does not shift the start.  *Heard*, 127 F.4th at 633, 635 (explaining that tolling provisions "pause[] the statute of limitations" and "the Sixth Circuit tolls while state prisoners exhaust their administrative remedies").

Nonetheless, because Defendants argued timeliness through a motion to dismiss, it must be "apparent from the face of the complaint that the time limit for bringing the claims has passed." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (quoting *Hoover v. Langston equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)).  It is not clear from Plaintiff's complaint precisely when his injury occurred or when he *filed* his grievance, which leaves the tolling period ambiguous.  Thus, the motion to dismiss is not the proper vehicle for Defendants' affirmative defense.

The R&R correctly analyzed the issue Defendants raised for summary judgment purposes (exhaustion) and Plaintiff's motion for leave to file a surreply.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 30) is **APPROVED AND ADOPTED IN PART**.  The Court supplements the R&R with the reasoning included in this Order.

**IT IS FURTHER ORDERED** that Defendants' motion, which sought dismissal or summary judgment (ECF No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a surreply (ECF No. 27) is **DENIED**.

Date:   July 31, 2025                                      /s/ Hala Y. Jarbou
                                                           HALA Y. JARBOU
                                                           CHIEF U.S. DISTRICT JUDGE